UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JAMES RICHARDS,
Institutional ID No. 02346971

    Plaintiff,

v.

MARSHA MCLANE
TCCO Executive Director, *et al.*,

    Defendants.

No. 5:25-CV-00075-H-BV

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that the Court deny Plaintiff's second motion for temporary restraining order (TRO) under Federal Rule of Civil Procedure 65(a). Plaintiff filed objections.

In his second motion for TRO, Plaintiff complains that the Defendants confiscated his MP4 device and other related items, which he asserts are necessary to his activities as a "jailhouse lawyer." He claims that the law library at the TCCC is inadequate and that the MP4 device must be allowed because it is a reasonable alternative to the inadequate law library. He claims that as a "jailhouse lawyer" he "is at risk of having litigation dismissed for failure to prosecute or timely prosecute." Dkt. No. 50 at 4. But after considering Defendants' responses and the applicable law, the Magistrate Judge concluded that Plaintiff failed to meet the standards of Rule 65, finding that Plaintiff has not shown any risk of irreparable injury because he has not shown that he has an arguable legal claim that he has

been hindered from presenting because of the confiscation of his MP4 device. Thus, he has not shown a substantial likelihood of success on the merits.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(a)(3); see 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The District Court independently examined the record and unobjected-to portions of the FCR for plain error. Additionally, the Court has conducted a de novo review of Plaintiff's objections, which consist primarily of disagreements with the Magistrate Judge's characterization of his claims—which the Court will address below. Plaintiff also argues that the FCR failed to consider that Defendants conceded that the law library is inadequate, and he contends that the Defendants should pay the costs associated with the cost of shipping the confiscated devices out of the facility. Finally, he takes issue with the Magistrate Judge's failure to conduct a hearing on the matter. The Court finds no error, overrules the objections, accepts and adopts the FCR, and denies Plaintiff's second motion for TRO. Dkt. No. 50.

The Court finds it appropriate to address Plaintiff's objection that the Magistrate Judge mischaracterized his claims as a traditional access-to-courts claim, when it should have analyzed them under *Johnson v. Avery*, 393 U.S. 483 (1969). See Dkt. No. 58. Plaintiff claims that *Johnson* stands for the proposition that a state may not restrict the practices of a jailhouse lawyer unless a "reasonable alternative" to legal services is available to the population. *Id.* He argues that his sole claim is a "reasonable alternative" claim, and contends that under *Johnson*, the MP4 devices are a reasonable alternative to an inadequate law library. See Dkt. No. 58 at 2. He asserts that the Magistrate Judge failed to consider

2

the reasonable-alternative argument from his motion, and that she should have concluded that under *Johnson*, Plaintiff need only establish that the law library is inadequate and that Defendants do not provide a reasonable alternative. *Id.*

But Plaintiff misunderstands the holding in *Johnson* to create a right on the part of the jailhouse lawyer. Prisoners, of course, have a constitutional right of access to courts. *Bounds v. Smith*, 430 U.S. 817 (1977). And if a state provides no alternative to the assistance provided by other inmates in the preparation of post-conviction proceedings, the state may not constitutionally prohibit mutual assistance among inmates. *Johnson*, 393 U.S. 483. But *Johnson* does not confer on "jailhouse lawyers" a license to practice law. Indeed, the situation here is clearly distinguishable from that in *Johnson*.

*Johnson* dealt with the problem of indigent, illiterate prisoners who were not entitled, as of right, to appointed counsel to initiate their post-conviction claims. Those prisoners faced the overwhelming—if not impossible—challenge of preparing their own cases because a Tennessee prison regulation provided that "[n]o inmate will advise, assist, or otherwise contract to aid another, either with or without a fee, to prepare Writs or other legal matters." *Id.* at 484. The Supreme Court held that the rule was unconstitutional, at least as applied to illiterate and poorly educated prisoners, since it effectively prevented them from filing habeas corpus petitions. *Id.*

This case, however, involves Plaintiff's claims concerning the conditions of his confinement at the TCCC, in a setting where he has access to a law library—which the Defendants are in the process of expanding—despite Plaintiff's contention that it is inadequate for his activities as a jailhouse lawyer.

3

The Court agrees that "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson* at 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). And prisoners are not entitled to legal representation by a lay person. *See id.* Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996).

In short, Plaintiff's objection is based on his argument that the law library is inadequate for his activities as a "jailhouse lawyer" in assisting other TCCC detainees in filing habeas petitions. But the problem for Plaintiff is that *Johnson* did not confer a right to act as a jailhouse lawyer or establish that a law library must be adequate for a jailhouse lawyer to be able to assist other detainees in their legal activities; it merely invalidated a state regulation that prohibited inmates from assisting other prisoners with post-conviction relief as such restriction conflicted with the federal right of habeas corpus. And in any event, Plaintiff is not a lawyer, and he has no right or authority to file claims on behalf of other detainees. So, he cannot raise the inadequacy of the law library on behalf of other detainees. Thus, Plaintiff's objection under *Johnson* is overruled, and Plaintiff's second motion for TRO is denied.

So ordered.

Dated October ___, 2025.

JAMES WESLEY HENDRIX
United States District Judge

4